■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. In the Matter of DANIEL WOLF et al., Appellants.— Order, Supreme Court, New York County, entered on February 7, 1972, denying petitioners' motion for an order quashing a subpoena duces tecum served by the District Attorney of New York County, unanimously affirmed, without costs and without disbursements. We believe that the motion to quash was properly denied. The subpoena merely sought the production of the original signed manuscript of an article which was in fact published in the *Village Voice* and which clearly attributed to Ricardo De Leon. As such, we are not confronted with the question of whether the First Amendment is applicable to a reporter's claim of privilege to withhold secret information or facts indicating the identity of the source. And, in any event, even if the First Amendment be held to confer upon the journalist a privilege to withhold confidential communications or protect secret sources, such would not constitute an absolute ban to production of any and all materials. The privilege could be successfully asserted only after balancing the competing private and public interests (see *Barenblatt* v. *United States*, 360 U. S. 109, 126; *Garland* v. *Torre*, 259 F. 2d 545, cert. den. 358 U. S. 910). The argument that production of the materials herein sought would dry up news sources and have a chilling effect upon future dissemination of news is, particularly under these extraordinary facts, too remote to justify overriding the competing and compelling public interest in the fair administration of justice. Nor do we believe that enforcement of the subpoena is violative of section 79-h of the Civil Rights Law. That section merely protects the journalist "for refusing or failing to disclose any news or the source of any such news". But, as stated, the information sought by the subpoena has been published and the source revealed. The statute therefore, cannot be used as a shield to protect that which has already been exposed to view. While appellants indicate that the manuscript may have been edited, they have failed in fact to demonstrate that the article as published was different from the signed manuscript. The burden rests upon the petitioners to demonstrate that the material is privileged (see *Matter of Cepeda*, 233 F. Supp. 465) and the general claims of editing do not meet that burden for they provide no basis for judicial intervention. Moreover, as held by Trial Term, the intent of the statute is that the privilege be afforded only where the information was received under the cloak of confidentiality. Such has not been demonstrated here. Concur — Stevens, P. J., Markewich, Murphy and Tilzer, JJ.