F. Warren Travers,
Acting Family Court Judge. In this proceeding, Margaret Davis seeks support for herself and her children from her husband, Frank Davis.
The Rensselaer County Department of Social Services, "a *2 party in interest”, through its attorney caused a subpoena duces tecum to be served on the Troy Publishing Co., Inc., demanding that the latter produce a certain letter or letters, originals, and copies, and all records pertaining thereto published in the "Pulse of the People” or other columns or sections of the Times Record and/or Sunday Record during April, May, June, July, August and September of 1976 bearing the signature of a Frank J. Davis; and any and all records, letters and other documents in its possession which would show the address of a Frank J. Davis.
The Troy Publishing Co., Inc., publishes the Times Record Monday through Saturday of each week and publishes the Sunday Record one day each week.
As a regular feature in each of these newspapers, there is a column entitled "Pulse of the People”.
This column provides a forum for persons in the Troy area to express their views and opinions on a myriad of subjects. The publisher apparently accepts letters which it believes to be of general interest and imposes the following limitation. "Only letters bearing the name and address of the writer will be published in the Pulse of the People. The name may be withheld from publication on request, however. Letters that are short and to the point are preferred. Right is reserved to shorten letters which are libelous or do not conform to requirements of good taste.”
A number of letters have been published in this newspaper column indicating that the name of the contributor was "Frank Davis”. Some of these letters have expressed the writer’s views on Family Court.
There is no proof before the court to show that the letter writer and the respondent are the same person.
The Department of Social Services is unable to locate the respondent and concedes that the sole purpose of the subpoena duces tecum served on the publisher is to locate "Frank Davis”.
The Troy Publishing Co., Inc., relying on the "shield law”, section 79-h of the Civil Rights Law of the State of New York, and also on the First Amendment to the United States Constitution, and the liberty of the press clause of section 8 of article I of the New York Constitution, refuses to reveal the address or any other information concerning "Frank Davis”.
Section 79-h of the Civil Rights Law reads as follows:
*3 "§ 79-h. Special provisions relating to persons employed by, or connected with, news media.—
"(a) Definitions. As used in this section, the following definitions shall apply:
"(1) 'Newspaper’ shall mean a paper that is printed and distributed ordinarily not less frequently than once a week, and has done so for at least one year, and that contains news, articles of opinion (as editorials), features, advertising, or other matter regarded as of current interest, has a paid circulation and has been entered at United States post-office as second-class matter. * * *
"(8) 'News’ shall mean written, oral or pictorial information or communication concerning local, national or worldwide events or other matters of public concern or public interest or affecting the public welfare.
"(b) Exemption of professional journalists and newscasters from contempt.
"Notwithstanding the provisions of any general or specific law to the contrary, no professional journalist or newscaster employed or otherwise associated with any newspaper, magazine, news agency, press association, wire service, radio or television transmission station or network, shall be adjudged in contempt by any court, the legislature or other body having contempt powers, nor shall a grand jury seek to have a journalist or newscaster held in contempt by any court, legislature or other body having contempt powers for refusing or failing to disclose any news or the source of any such news coming into his possession in the course of gathering or obtaining news for publication or to be published in a newspaper, magazine, or for broadcast by a radio or television transmission station or network, by which he is professionally employed or otherwise associated in a news gathering capacity.”
Without question, the Times Record and Sunday Record are "newspapers” within the definition set forth in section 79-h above.
As pointed out in Matter of Wolf v People (69 Misc 2d 256, 260, 261, affd 39 AD2d 864) "implicit in the section is an element of confidentiality”. The court, at Trial Term, went on to say, "in order to raise successfully the claim of privilege, two essential elements must be established: first, the information or its sources must be imparted to the reporter under a *4 cloak of confidentiality, i.e., upon an understanding, express or implied, that the information or its sources will not be disclosed; and second, that the information or its sources must be obtained in the course of gathering news for publication.”
The Department of Social Services argues that the source, i.e., the name, is known and that the Troy Publishing Co., Inc., does not need the protection of section 79-h of the Civil Rights Law.
The department concedes, however, that it has not been established that the letter writer and respondent are the same person. The subpoena seeks letters of "a Frank Davis * * * which would show the address of a Frank Davis”. (Emphasis supplied.)
In view of the nature of this column, "Pulse of the People”, providing as it does a forum for expression of opinion, and the fact that the actual source has not been revealed or made public by the letter writer in using the name "Frank Davis”, with no other indication of his exact identity, the court finds that this information was imparted under the cloak of confidentiality and that the information was obtained in the course of gathering news for publication.
Under these circumstances, the privilege of confidentiality must prevail.
This hearing was treated as a motion to quash the subpoena duces tecum and the motion is granted.